UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS MAHON,<br><br>                     Plaintiff,<br><br>     v.<br><br>MORTON GOLF, LLC,<br><br>                     Defendant. | No.  2:14-cv-02972-TLN-EFB<br><br><br>**ORDER** |

This is a lawsuit alleging discrimination in violation of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and its state-law counterpart, the Unruh Civil Rights Act ("Unruh Act"), CAL. CIV. CODE § 51.  The matter is before the Court on Plaintiff Francis Mahon's ("Plaintiff") Motion for Preliminary Injunction.  (ECF No. 13.)  Defendant Morton Golf, LLC ("Defendant") opposes the motion.  (ECF No. 14.)  The Court has carefully considered the parties' arguments.  For the reasons set forth below, Plaintiff's motion is hereby DENIED.

**I.     BACKGROUND**

Plaintiff is a recreational golfer in his late eighties.[1]  He suffers from idiopathic pulmonary fibrosis, a medical condition that affects his respiratory and cardiovascular systems.  As a result of his condition, Plaintiff cannot walk long distances: he must use an oxygen tank and a power-driven mobility device (a scooter).  In spite of his condition, Plaintiff is an avid golfer.

---

[1] The following facts are taken from Plaintiff's motion unless otherwise indicated.

1

Defendant operates several golf courses in the Sacramento area.  In October of 2013, Plaintiff played golf on one of Defendant's courses.  Plaintiff was using his scooter in lieu of a golf cart, but his scooter had not been fully charged and it ran out of battery on the course.  Subsequently, Defendant prohibited Plaintiff from using his scooter as a substitute for a golf cart.  Defendant offered Plaintiff the free use of Defendant's golf carts as a courtesy and an accommodation, but withdrew the offer sometime in the spring of 2014.

Plaintiff brought this lawsuit in November of 2014.  (*See* Notice of Removal, ECF No. 1 at 2:2–4.)  He alleges that Defendant's refusal to accommodate his scooter violates the ADA and the Unruh Act.  Roughly twenty months after filing this lawsuit, Plaintiff brought the instant motion for a preliminary injunction.  He seeks a court order forcing Defendant to allow Plaintiff to his use scooter in lieu of a golf cart while this case is pending.

## II. LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

## III. DISCUSSION

Plaintiff's motion has two fatal defects.  First, it does not show that Plaintiff is likely to suffer irreparable harm in the absence of a preliminary injunction.  Second, it does not address whether a preliminary injunction is in the public interest.  Because Plaintiff has not made "a showing on all four prongs" of *Winter*, a preliminary injunction is not justified here. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  The Court need not assess the merits or balance the equities.

A. Likelihood of Irreparable Harm

Plaintiff must show that he is likely to suffer irreparable harm if a preliminary injunction does not issue.  He cannot make that showing for two reasons.

First, Plaintiff's complained-of injury is purely economic, and "economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award." *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991). Here, Plaintiff is able to operate a golf cart and enjoy the game of golf without using his scooter. (Bettencourt Decl. Ex. 1 ("Mahon Dep."), ECF No. 17-1 at 75:4–12.)[2] Plaintiff understandably prefers his scooter to a golf cart because the scooter is free. (Mahon Dep., ECF No. 17-1 at 75:10–12.) However, assuming Plaintiff prevails in this lawsuit, he will be entitled to damages under the Unruh Act, *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007), and the amount he spends on golf cart rentals will be readily ascertainable. Plaintiff contends that his injury is not purely economic because he is harmed by his loss of "personal satisfaction and joy." (Reply, ECF No. 18 at 8:11–9:2.) But nothing suggests that Plaintiff enjoys golf with a golf cart any less than he enjoys golf with his scooter—he simply dislikes paying for the golf cart. If he eventually prevails, damages can make him whole again.

Second, the tardiness of Plaintiff's motion undermines his claim of irreparable injury. A "long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm." *Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1377 (9th Cir. 1985). Plaintiff waited nearly twenty months after filing his complaint before seeking a preliminary injunction. Although delay, standing alone, is not a dispositive factor, *Arc of Cal. v. Douglas*, 757 F.3d 975, 990 (9th Cir. 2014), the lengthy delay here weighs against a preliminary injunction.

B. Public Interest

Plaintiff must also show that a preliminary injunction is in the public interest. *Winter*, 555 U.S. at 20. He has not shown that it is. Plaintiff addresses the public interest only in his reply, but the Court "generally refuses to consider new arguments raised for the first time in a reply brief." *Grange Ins. Ass'n v. Sran*, 184 F. Supp. 3d 799, 819 (E.D. Cal. 2016).

---

[2] Both parties have submitted Plaintiff's deposition, and each has objected to the other's submission. In essence, each has objected to its own proffer simply because the other side has offered the same evidence. The mind reels. "[I]t does not behoove anyone to make objections simply for the sake of making objections." *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1120 n.10 (E.D. Cal. 2006). In any event, the Court need not resolve their cross-objections to the same evidence because "the rules of evidence do not apply strictly to preliminary injunction proceedings." *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013).

### IV. CONCLUSION

Plaintiff has not shown that he is likely to be irreparably harmed in the absence of a preliminary injunction, nor has he shown that an injunction would be in the public interest. Accordingly, his motion for a preliminary injunction (ECF No. 13) is hereby DENIED.

IT IS SO ORDERED.

Dated: April 5, 2017

Troy L. Nunley
United States District Judge