UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS MAHON,<br><br>          Plaintiff,<br><br>     v.<br><br>MORTON GOLF, LLC,<br><br>          Defendant. | No. 2:14-cv-02972-TLN-EFB<br><br>**ORDER** |

This matter is before the Court pursuant to Defendant Morton Golf, LLC's ("Defendant") Motion for Sanctions. (ECF No. 25-1.) Plaintiff Francis Mahon ("Plaintiff") opposes the Motion. (ECF No. 26.) Defendant filed a Reply. (ECF No. 28.) After carefully considering the parties' briefing and for the reasons set forth below, the Court DENIES Defendant's Motion for Sanctions.

///
///
///
///
///
///
///

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a recreational golfer in his late eighties. (Pl.'s Mot. Prelim. Inj., ECF No. 13-1 at 2.) He suffers from idiopathic pulmonary fibrosis, a medical condition that affects his respiratory and cardiovascular systems. (ECF No. 13-1 at 2.) As a result, Plaintiff cannot walk long distances: he must use an oxygen tank and a power-driven mobility device (a scooter). (ECF No. 13-1 at 3.) Despite his condition, Plaintiff is an avid golfer. (ECF No. 13-1 at 3.)

Defendant operates several golf courses in the Sacramento area. (ECF No. 13-1 at 3.) In October 2013 Plaintiff played golf on one of Defendant's courses. (ECF No. 13-1 at 3.) Plaintiff was using his scooter in lieu of a golf cart, but his scooter was not fully charged and ran out of battery while Plaintiff was on the course. (ECF No. 13-1 at 3.) Subsequently, Defendant prohibited Plaintiff from using his scooter as a substitute for a golf cart. (ECF No. 13-1 at 3.) Defendant offered Plaintiff the free use of Defendant's golf carts as a courtesy and an accommodation, but withdrew the offer in the spring of 2014. (ECF No. 13-1 at 4.)

Plaintiff brought this lawsuit in November 2014. (Notice of Removal, ECF No. 1 at 2.) He alleges that Defendant's refusal to accommodate his scooter violates the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act ("Unruh Act"). (ECF No. 1 at 17, 19.) Roughly twenty months after filing this lawsuit, Plaintiff brought a Motion for a Preliminary Injunction, seeking a court order forcing Defendant to allow Plaintiff to his use scooter in lieu of a golf cart while this case is pending. (ECF No. 13-1.)

Defendant alleges that upon receipt of Plaintiff's Motion on July 1, 2016, Defendant notified Plaintiff via e-mail that it would bring a Motion for Sanctions if Plaintiff did not withdraw his Motion. (ECF No. 25-1 at 4.) Plaintiff did not withdraw his Motion. On July 6, 2016, Defendant served Plaintiff with a Motion for Sanctions, but Defendant did not file the Motion at that time. (ECF No. 25-1 at 5.)

On April 6, 2017, the Court denied Plaintiff's Motion for a Preliminary Injunction due to Plaintiff's lack of irreparable harm. (Order on Pl.'s Mot. for Prelim. Inj., ECF No. 24 at 4.) On April 18, 2017, Defendant filed the instant Motion for Sanctions. (ECF No. 25-1.)

///

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 11 ("Rule 11") allows sanctions under the following circumstances:

> (b) By presenting to the court a pleading, written motion, or other paper...an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.... If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule....

Rule 11 "is designed to deter attorneys and unrepresented parties from violating their certification that any pleading, motion or other paper presented to the court is supported by an objectively reasonable legal and factual basis; no showing of bad faith or subjective intent is required." *Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 173–74 (C.D. Cal. 2002). Rather, Rule 11 is governed by an objective standard of reasonableness. *See, e.g., Conn v. CSO Borjorquez*, 967 F.2d 1418, 1421 (9th Cir. 1992). "The central purpose of Rule 11 is to deter baseless filings." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 254 (9th Cir. 1992) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)). Thus, where a party "pursues causes of action for which there is no legal basis whatsoever," sanctions may be warranted. *Bhambra v. True*, No. 09-cv-4685-CRB, 2010 WL 1758895, at *3 (N.D. Cal. Apr. 30, 2010).

When evaluating whether a complaint is frivolous or without evidentiary support, the court "must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quotation marks and citation omitted). "Under the plain language of the rule, when one party files a motion for sanctions, the court must determine whether any

provisions of subdivision (b) have been violated." *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994). "If Rule 11(b) was violated, the court 'may' impose sanctions." *Maxwell v. Deutsche Bank Nat'l Trust Co.*, No. 13-cv-03957, 2014 WL 296873, at *2 (N.D. Cal. Jan. 27, 2014).

Sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988). Courts must not construe or apply Rule 11 so as to chill an attorney's creativity or conflict with an attorney's duty to vigorously represent his or her client. *See id.*

### III. ANALYSIS

Defendant argues that sanctions are warranted because Plaintiff brought his Motion for a Preliminary Injunction for an improper purpose. (ECF No. 25-1 at 5.) Defendant sets forth five main arguments: (1) Plaintiff's Motion was baseless because Plaintiff's harm is monetary, which is not irreparable harm as required for an injunction; (2) Plaintiff's twenty-month delay in seeking the preliminary injunction shows improper purpose; (3) Plaintiff's probability of success on the merits of his claims is completely lacking; (4) Plaintiff did not analyze Defendant's affirmative defenses in his Motion for a Preliminary Injunction; and (5) Plaintiff violated Rule 11 and therefore sanctions are mandatory. (ECF No. 25-1 at 5–9.)

An "objective standard" applies to determinations of improper purpose under Rule 11.[1] *Woodrum v. Woodward Cty.*, 866 F.2d 1121, 1127 (9th Cir. 1989). The issue here is whether Plaintiff's Motion for a Preliminary Injunction was objectively reasonable. *Id.* Plaintiff contends that his Motion represented a good faith effort to allow Plaintiff to play golf while the trial is pending. (ECF No. 26 at 6–7.) Plaintiff argues that his Motion rested on three justifiable grounds: (1) Plaintiff's disability is progressive and impedes his ability to play golf such that money may not make him whole at the end of trial; (2) Defendant's conduct amounts to

---

[1] Defendant repeatedly emphasizes that Plaintiff, upon receiving e-mailed notice of Defendant's intent to move for sanctions, responded, "I am happy to continue billing." (ECF No. 25-1 at 7.) According to Defendant, Plaintiff's statement reveals his improper purpose of harassing Defendant and needlessly increasing the cost of litigation. (ECF No. 25-1 at 7.) Because analysis under Rule 11 requires an objective standard, the Court will look at the propriety of Plaintiff's Motion for Preliminary Injunction. The Court finds no merit in Defendant's argument that Plaintiff's alleged statement is evidence of bad faith warranting sanctions.

4

discrimination, and there is an open argument whether discrimination is "per se" irreparable harm for injunctive relief; and (3) deprivation of personal satisfaction and joy constitutes irreparable harm. (ECF No. 26 at 8–10). Plaintiff also argues that this Court's denial of his Motion for Preliminary Injunction does not render his Motion unreasonable. (ECF No. 26 at 7). The Court agrees. Although the Court denied Plaintiff's Motion for Preliminary Injunction, "[t]he simple fact that an attorney's legal theory failed to persuade the district court 'does not demonstrate that [counsel] lacked the requisite good faith in attempting to advance the law.'" *Operating Engineers Pension Tr. v. A-C Co.*, 859 F. 2d 1336, 1344 (9th Cir. 1988) (quoting *Hurd v. Ralphs Grocery Co.,* 824 F. 2d 806, 811 (9th Cir. 1987)).

In denying Plaintiff's Motion for Preliminary Injunction, the Court found that Plaintiff suffered no irreparable harm because his only harm was monetary. (ECF No. 24 at 3.) However, Plaintiff's Motion contained arguably reasonable legal claims. *Woodrum*, 866 F. 2d at 1127 ("The key question in assessing frivolousness is whether a complaint states an arguable claim— not whether the pleader is correct in his perception of the law.") (quoting H*udson v. Moore Bus. Forms, Inc.*, 827 F. 2d 450, 453 (9th Cir.), superseded, 836 F. 2d 1156 (9th Cir. 1987)). For example, Plaintiff framed his harm as non-monetary harm such that it could conceivably warrant a preliminary injunction. (ECF No. 13-1 at 6 ("Courts consistently find irreparable harm when barriers, affecting participation in sports, are at issue.").) Plaintiff bolstered this argument, stating that Plaintiff suffered loss of "personal satisfaction and joy." (Pl.'s Reply to Def.'s Opp'n to Mot. for a Prelim. Inj., ECF No. 18 at 8.) Plaintiff also asserted that whether discrimination is "per se" irreparable harm is an open question. (ECF No. 18 at 6–7.)

Rule 11 should not be used as "a bar to legal progress" or to dissuade attorneys from pursuing innovative arguments. *Operating Engineers Pension Tr.*, 859 F. 2d at 1344 ("Forceful representation often requires that an attorney attempt to read a case or an agreement in an innovative though sensible way."); *see also All Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F. 3d 644, 649 (9th Cir. 1997) ("[Defendant's] argument clearly lacks merit, but forceful and effective representation often will call for innovative arguments."). For these reasons, the Court

finds that Plaintiff's Motion was an objectively reasonable attempt to frame the factual allegations and advance innovative legal arguments in Plaintiff's favor.

Moreover, even assuming Plaintiff's Motion was baseless, courts "reserve sanctions for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Engineers Pension Tr.*, 859 F.2d at 1344; *see also*, *In re Flashcom, Inc.*, 647 F. App'x 689, 693 (9th Cir. 2016) (noting that sanctions are appropriate when parties file "motions that duplicate one that was previously denied"). Plaintiff filed a single motion for injunctive relief which contained arguable, though unpersuasive, claims. As such, the Court finds that Plaintiff's Motion does not constitute the type of "rare and exceptional" conduct that warrants sanctions. *See, e.g.*, *In re Keegan Mgmt. Co.*, 78 F. 3d 431, 435 (9th Cir. 1996) (reversing the district court's imposition of sanctions when the complaint had merit on its face, despite plaintiffs' attorneys' failure to conduct a reasonable inquiry); *Gutierrez v. Bank of Am., N.A.*, No. 2:14-cv-01246-TLN, 2015 WL 1021438, at *5 (E.D. Cal. Mar. 9, 2015) (finding that although the plaintiffs filed several identical complaints for improper purposes, plaintiffs did not "approach a level of conduct sufficient to impose sanctions"); *Nan Hanks & Assocs., Inc. v. Original Footwear Co., Inc.*, No. 2:17-cv-00027-TLN-KJN, 2018 WL 3155247, at *4 (E.D. Cal. June 25, 2018) (holding that defendant's removal to federal court for diversity jurisdiction, though improper due to the lack of diversity of citizenship, was not a "rare and exceptional case" warranting the "extreme remedy" of sanctions). Thus, the Court denies Defendant's Motion for Sanctions.

**IV.  CONCLUSION**

For the foregoing reasons, Defendant's Motion for Sanctions (ECF No. 25-1) is hereby DENIED.

IT IS SO ORDERED.

Dated: October 3, 2018

Troy L. Nunley
United States District Judge