| | |
|---|---|
| | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS MAHON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MORTON GOLF, LLC,<br><br>　　　　Defendant. | No. 2:14-cv-02972-TLN-EFB<br><br>**ORDER DISMISSING CASE PURSUANT TO RULE 25(a)(1)** |

This matter is before the Court on Defendant Morton Golf, LLC's ("Defendant") Motion to Dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 36.) Plaintiff Francis Mahon ("Plaintiff") opposes the motion. (ECF No. 37.) For the reasons set for below, Defendant's motion is hereby DENIED, however, this case is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 25(a)(1).

///

///

///

///

///

///

///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's initial Complaint was removed to this Court on December 24, 2014, and alleged violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act"). (ECF No. 1.) Plaintiff, a golfer with a disability, alleged Defendant's prohibition against him using his electric wheelchair on its golf course violated both state and federal law. (ECF No. 1. at 17, 19.)

Following the Court's denial of Plaintiff's motion for a preliminary injunction, (ECF No. 24) Defendant filed a motion for sanctions arguing Plaintiff's motion seeking a preliminary injunction was "legally and factually baseless" (ECF No. 25). On October 3, 2018, the Court denied Defendant's motion and noted that the basis for the requested sanctions, Plaintiff's motion for a preliminary injunction, contained "arguably reasonable legal claims." (ECF No. 29 at 5.) The Court then issued an Order on October 4, 2018, requesting the parties file a joint status report within thirty days indicating the parties' readiness to proceed to trial. (ECF No. 30.) Defendant submitted a separate status report on November 2, 2018. (ECF No. 31.) That same day, Plaintiff's counsel filed a Suggestion of Death notifying the Court and Defendant that Plaintiff died on July 3, 2018. (ECF No. 32.) Plaintiff did not file a separate status report.

In response to Defendant's separate status report, on November 14, 2018, the Court ordered Plaintiff to show cause as to why he should not be sanctioned for his failure to participate in the status report. (ECF No. 33.) On November 28, 2018, Plaintiff filed a response to the Court's Order to show cause and urged the Court to dismiss the case pursuant to Federal Rule of Civil Procedure 25 if no successor of Plaintiff moved to substitute in as a party. (ECF No. 34 at 1–2.)

After the Suggestion of Death was filed (ECF No. 32), neither party filed a motion to substitute pursuant to Federal Rule of Civil Procedure 25(a)(1). On December 26, 2018, Defendant filed a Motion to Dismiss for Lack of Prosecution urging the Court to dismiss the matter without prejudice pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 36 at 2.) Plaintiff submitted an opposition to Defendant's Motion (ECF No. 37) to which Defendant submitted a reply (ECF No. 38).

1  **II.    STANDARD OF LAW**

2       A.    Federal Rule of Civil Procedure 41(b): Dismissal for Failure to Prosecute

"If the plaintiff fails to prosecute [. . .], a defendant may move to dismiss the action or any claim against it." Federal Rule of Civil Procedure ("Rule") 41(b). Rule 41(b) is, in large part, a "housekeeping measure" which allows federal courts to manage their dockets. *Nealey v. Transportacion Maritima Mexicana, S. A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). However, "dismissal under Rule 41(b) is a sanction, to be imposed only in 'extreme circumstances.'" *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004). The district court must weigh the following five factors in considering a motion under Rule 41(b): (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic alternative. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 2004). In examining these factors, the court is not required to make an explicit finding to show it has considered these factors. *Id.*

     B.    Federal Rule of Civil Procedure 25(a): Dismissal upon Death of Party

Rule 25(a) provides that if a party dies and the claim is not extinguished, the court may order substitution, upon motion made by any party or the decedents successor or representative. Rule 25(a). "If the motion is not made within 90 days after service of statement noting the death, the action by or against the decedent *must be dismissed*." Rule(a)(1) (emphasis added). The proper filing of the suggestions of death, not the actual death itself, triggers the 90-day clock to file a motion to substitute. *See Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). If no motion is made within the 90 days of the notice of death, Rule 25(a)(1) requires that action *must be dismissed* but does not specify whether dismissal is with or without prejudice. *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th Cir. 2017).

**III.   ANALYSIS**

Following Plaintiff's death, Plaintiff's ADA claim is now moot. *See Kalani v. Starbuck Coffee Co.*, 698 Fed. Appx. 883, 885 (9th Cir. 2017) (holding that an ADA claim is moot upon death of the plaintiff as there is "necessarily no prospect of future injury"). However, Plaintiff's

Unruh Act claim did not extinguish upon his death. *Id.*; Cal. Civ. Code § 52.

Defendant argues that the Court should dismiss this case without prejudice pursuant to Rule 41(b) for failure to prosecute, (ECF No. 36 at 2), while Plaintiff's counsel contends Plaintiff's death warrants a dismissal without prejudice pursuant to Rule 25(a) (ECF No. 34 at 1–2). The Court finds that neither Plaintiff's nor Plaintiff's counsel's conduct warrants dismissal under Rule 41(b), thereby deeming dismissal under Rule 25(a) necessary in this case.

### A. <u>Permissibility of a Rule 41(b) Dismissal</u>

Defendant urges the Court to dismiss pursuant to Rule 41(b) because of Plaintiff's dilatory conduct and allowing the case to "languish, without activity, for eighteen months." (ECF No. 36 at 3.) Defendant argues that Plaintiff's failure to diligently prosecute his case warrants the dismissal. (ECF No. 36 at 5.)

Rule 41(b) provides a harsh remedy by which the district court can penalize the plaintiff, and it should only be invoked in extreme circumstances. *Indus. Bldg. Materials, Inc. v. Interchemical Corp.*, 437 F.2d 1336, 1339 (9th Cir. 1970). The Court evaluates the totality of five factors when deciding a Rule 41(b) dismissal. *Yourish*, 191 F.3d at 990. While the Court is not required to make explicit findings for each factor, dispositive to its evaluation is the availability of less drastic alternatives. The Court finds that less drastic alternatives exist. Rule 41(b) serves the purpose of punishing and deterring unreasonable delay on the part of the plaintiffs. *See Collins v. Pitchess*, 641 F.2d 740, 742 (9th Cir. 1981). It is a "sanction for disobedience" to be imposed in extreme circumstances. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004). Here, Plaintiff has died, so dismissal under Rule 41(b) will not serve its intended purpose. Further, Plaintiff's death, not either parties' alleged delay (*see* ECF No. 36-1 at 5–6; ECF No. 37-2 at 2–5), prompted the motion for dismissal (ECF No. ECF No. 36). Plaintiff's death should not result in a "sanction for disobedience," and Rule 25(a) proscribes the process for dismissal of a claim upon a party's death. Rule (a)(1). Accordingly, Defendant's Motion (ECF No. 36) is denied.

///

///

4

B. <u>Appropriateness of a Rule 25(a) Dismissal</u>

The Court finds dismissal pursuant to Rule 25(a) to be appropriate in this situation. Plaintiff's death spurred the motion before the Court as well as Plaintiff's request for Rule 25(a) dismissal. (*See* ECF No. 34 at 1–2; ECF No. 36 at 3.) Though Defendant criticizes Plaintiff counsel's delay in notifying the Court and Defendant of the Plaintiff's death (ECF No. 36 at 3), Rule 25 does not mandate how soon after a party's death such a notice must be filed. As more than ninety (90) days have passed since the Suggestion of Death was filed (ECF No. 32), Rule 25(a) requires the Court to dismiss the case. The Court has discretion whether to dismiss with or without prejudice. *Yourish*, 191 F.3d at 990. Upon the request of both parties, the Court will dismiss without prejudice. Accordingly, this case is now DISMISSED pursuant to Rule 25(a)(1).

**IV. CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Dismiss (ECF No. 36) is DENIED;
2. The case is DISMISSED without prejudice pursuant to Rule 25(a)(1).

Dated: September 11, 2019

　　　　　　　　　　　　　　　　　　　　　
Troy L. Nunley
United States District Judge